SARAH H. WILSON, respondent,

v.

WILSON HOTEL COMPANY et al., appellants.

[Decided October 5th, 1922.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"On April 9th, 1918, the defendant John W. Wilson was the owner of the premises described in the bill of complaint. By deed bearing that date, in which his wife, the defendant Irene W. Wilson, joined, he conveyed an undivided one-half of the premises to the complainant. The deed was acknowledged the day it bears date and was recorded June 27th, 1919. By deed bearing date September 23d, 1918, the defendants John W. Wilson and wife purported to convey the entire interest in the same premises to the defendant Wilson Hotel Company. This deed was acknowledged October 14th, 1918, and was recorded October 16th, 1918. Complainant contends that although the deed to the Wilson Hotel Company was recorded before she placed her deed on record, the company accepted its deed with notice of the prior conveyance of the undivided one-half interest to her. She alleges that the defendants have been in possession and occupation of the whole of the premises since the conveyance to the company and have excluded her from the enjoyment therof, and she prays that the defendant company be enjoined from transferring or encumbering her interest in the premises and that it be decreed that the company owns but a half interest therein and that the defendants account for and pay over to complainant such sum of money as may be found due her for the use and occupation by them of the whole premises.

The defendants insist that the deed to complainant was given as security for money loaned by complainant to John W. Wilson and that it was never delivered to complainant, but that she fraudulently obtained possession of it and recorded it.

"Prior to the conveyance to complainant John W. Wilson operated the hotel on the land in question and his brother, James A. Wilson, husband of complainant, was associated with him in connection with that business. Complainant contends that she and her husband loaned John W. Wilson money with which to purchase furniture for the hotel, to pay interest on mortgage, taxes and various other expenses in connection with the business and the real estate, and that her husband gave his time to the conduct of the business from the time John W. Wilson bought the property to the organization of the Wilson Hotel Company. She further contends that her husband became a partner in the hotel business with John W. Wilson and that in connection with the partnership John W. Wilson proposed to convey to James A. Wilson an undivided half interest in the real estate, and that by her husband's direction, he being then very sick, the conveyance of such interest was made to complainant as a gift from her husband to her. He died May 3d, 1919. The proofs seem to bear out complainant's contention as to the existence of such partnership; but whether or not that business relation existed between the brothers, the fact is that a deed was executed by John W. Wilson and wife to complainant, which on its face is an absolute deed. I am satisfied from the evidence that after it was executed and acknowledged it was at once, at the grantors' direction, delivered to complainant and that thereafter she gave it to her husband to keep for her. He probably placed it in the hotel safe, where complainant found it after his death and she then recorded it. The deed was unaccompanied by any written agreement to show that it was to be considered as security for money which complainant or her husband had loaned John W. Wilson or that a reconveyance would be made to

the grantor upon the performance of certain conditions. The burden of proving that the conveyance was not intended to be absolute rests on the defendants and their proof must be clear and convincing. I do not think that they have sustained such burden.

"The facts surrounding the conveyance by John W. Wilson to the hotel company are as follows: In September, 1918, that company was incorporated under the laws of this state. John W. Wilson and James A. Wilson were the real incorporators and at the stockholders' meeting they and their sister, Jennie Harrigan, were elected its first directors. At the first meeting of the directors John W. Wilson made a formal offer to sell the premises with the contents of the hotel to the corporation for the whole amount of the capital stock of $20,000, which offer was accepted by the directors and the stock therefor was directed to be issued to John W. Wilson or his nominees. John W. Wilson instructed the company to issue three shares to himself, ninety-five shares to his wife, Irene, and ninety-nine shares to James A. Wilson, the remaining three shares being held by Jennie Harrigan. James A. Wilson, to whom a certificate for ninety-nine shares was issued, surrendered that certificate and in lieu thereof a certificate for fifty-nine shares was issued in his name and a certificate for forty shares in the name of complainant. The deed from John W. Wilson and wife to the corporation was shortly thereafter executed, delivered and recorded. All the stockholders and directors of the corporation knew of the deed from John W. Wilson to complainant. John W. Wilson, his wife and Jennie Harrigan testified that James A. Wilson produced it at the directors' meeting, surrendered it to the company and accepted stock for himself and his wife in lieu thereof. The complainant insists that she did not know of the organization of the company until her husband handed her forty shares of stock in December, 1918, and that he then informed her that the company was formed solely for the purpose of running the hotel business and that she did not know that the real estate had been con-

veyed to it until after her husband's death. In any event, she was not an incorporator, nor a director, nor was she present at any meeting of stockholders or directors, and she denies that her husband surrendered her deed at the directors' meeting and agreed to accept stock in the company in exchange for her interest in the land, and she testified that after the company had been organized her husband told her he still held the deed for her. She further testified that if he did surrender it to the company he acted without her knowledge or authority. I think that after complainant's deed had been delivered to her and she had given it to her husband to keep for her, the defendants must show that James A. Wilson had authority to surrender the deed in exchange for stock in the company and, failing to produce any proof to show such authority, he could not bind her if he did what the defendants say he did.

"I find, therefore, that the deed to complainant was not given as security for or in satisfaction of any money which she may have loaned the defendants, but that it was an absolute conveyance and that the defendant Wilson Hotel Company should be enjoined from conveying or encumbering her undivided one-half interest in the premises thereby conveyed. The occupation of the premises by the company was a denial of the right of the complainant as co-tenant and an exclusion of her from the enjoyment thereof, and I will therefore direct that an account be taken of the value of the use and occupation by that defendant since the date of the deed to it and that on such accounting complainant be charged with her proportionate share of such payments as the company may have made on account of the real estate since the date of its ownership, by way of taxes, interest on mortgage, repairs and the like."

*Messrs. Congleton, Stallman & Hoover,* for the respondent.

*Mr. Thomas P. Fay,* for the appellants.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance* — THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON—12.

*For reversal*—None.